USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/23/2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TD BANK, N.A.,                      :
                                    :
               Plaintiff,           :
                                    :      18 Civ. 10608 (VM)
     - against -                    :
                                    :
BARBARA MILLER,                     :      DECISION AND ORDER
                                    :
               Defendant.           :
------------------------------------X
```

**VICTOR MARRERO**, United States District Judge.

On November 14, 2018, plaintiff TD Bank, N.A. ("TD Bank" or "Plaintiff") commenced this action against defendant Barbara Miller ("Miller" or "Defendant"), in connection with a debt Miller owed to TD Bank under a Guaranty of Payment ("Guaranty," Dkt. No. 24-6) signed by Miller's late husband, Michael Miller, two years before he died. (See Dkt. No. 1.)

On September 9, 2020, this Court granted TD Bank's motion for summary judgment on Count One of its Amended Complaint, holding that TD Bank was entitled to $1,847,304.63 under the Guaranty. (See "Summary Judgment Order," Dkt. No. 38.)

Now pending before the Court is TD Bank's Certification of Counsel and Proposed Order of Attorneys' Fees and Costs. (See "Fee Certification," Dkt. No. 39.) The Court also received an objection letter from Miller (see Dkt. No. 41), and a reply letter from TD Bank (see Dkt. No. 42). For the

reasons that follow, the Court awards TD Bank fees and costs in the amount of $91,887.79.

## I. BACKGROUND

### A. PROCEDURAL HISTORY

The facts relevant to resolution of the present dispute arise primarily from the procedural history of this case. In the November 14, 2018 Complaint, TD Bank brought a single count of avoidance of fraudulent transfers against Miller, arguing that certain assets belonging to Miller's late husband were reachable by his creditors, including TD Bank, and that the transfer of those assets upon his death was fraudulent.

Six months later, on May 13, 2019, TD Bank filed the Amended Complaint, preserving as Count Two its fraudulent transfer claim, and adding as Count One, a declaratory judgment claim arguing that TD Bank was entitled to certain transferred property under the Guaranty. (See Dkt. No. 16.)

Later that year, on October 15, 2019, TD Bank filed a motion for summary judgment on Count One of the Amended Complaint. (See "Motion," Dkt. No. 24.)

On September 9, 2020, this Court granted TD Bank's Motion. In the Summary Judgment Order, the Court concluded that the Guaranty entitled TD Bank to reasonable attorneys'

fees because, by the Guaranty's terms, Miller's late husband had agreed to pay:

> . . . any and all expenses that may be paid or incurred by [TD Bank] in the collection of all or any portion of such Guarantor's obligations hereunder . . . including, without limitation, **reasonable attorneys' fees, irrespective of the manner or success of any such collection**, exercise or enforcement, and whether or not such expenses constitute part of the Borrower's obligations.

(Guaranty ¶ 2(d) (emphasis added).) This Court ordered the parties to file submissions explaining their positions with respect to the amount of reasonable attorneys' fees to be awarded.

B.   THE PARTIES' ARGUMENTS

Consistent with the Summary Judgment Order, TD Bank filed the Fee Certification on September 16, 2020. According to the Fee Certification, the total fees and costs amount to $96,439.79, based on (1) the total hours three attorneys and one paralegal worked on the matter, at their respective hourly rates of $509, $410, $250, and $210, between November 2018, when the matter commenced, and September 2020, when summary judgment was granted; and (2) various litigation-related expenses incurred within that same period.

Defendant objects to the fee amount as calculated in the Fee Certification, arguing that the Court awarded summary judgment solely on Count One of the Amended Complaint, and

3

therefore, only attorneys' fees and costs associated with litigating that count should be awarded. Miller contends that the initial Complaint did not seek enforcement of the Guaranty and instead brought a single count of fraudulent conveyance. Thus, all the legal fees and costs incurred between the filing of the initial Complaint and the Amended Complaint -- that is, from November 14, 2018 to May 13, 2019 -- should be entirely excluded from the award. Likewise, Miller argues that the legal work between the filing of the Amended Complaint and the Court's order granting Plaintiff's request to file a summary judgment motion -- from May 13, 2019 to October 20, 2019 -- should be reduced by 50% to account for the fact that the legal fees and costs during that period related to the prosecution of both Counts One and Two.

Lastly, Miller contends that because TD Bank obtained sufficient relief on Count One alone, the fraudulent conveyance claim in Count Two was duplicative and unnecessary. Thus, Miller asserts that costs and fees associated with that count should be excluded.

Miller does not object to an award of 100% of the attorneys' fees and costs between October 21, 2019 and the date TD Bank filed the instant Fee Certification, September 3, 2020. By Miller's calculation, reasonable attorneys' fees

and costs amount to $42,486.62, which is slightly less than half of the $96,439.79 TD Bank seeks.

In response, TD Bank argues that, because it did not move for summary judgment on Count Two, there has been no determination as to the merits of that claim, and it was therefore not "unsuccessful." Further, TD Bank insists that its decision to move for summary judgment on Count One was efficient and consistent with a directive from this Court to file concise papers. TD Bank contends that by Miller's reasoning, Plaintiff should have incurred additional fees and costs by moving for summary judgment on both counts simply to recoup all its fees. Lastly, TD Bank suggests that DeGaetano v. Smith Barney, Inc., 1998 U.S. Dist. LEXIS 10634 (S.D.N.Y. June 30, 1998) -- in which the court recognized that fee awards may be reduced to account for limited success -- does not apply here because that case involved a statutory fee award, whereas the fee award here arises from a contractual agreement.

## II.  **LEGAL STANDARD**

In determining what constitutes a "reasonable" award of attorneys' fees, as required here, "[d]istrict courts have 'considerable discretion.'" Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The Second Circuit has explained that a

"presumptively reasonable fee" can be calculated by multiplying "a reasonable hourly rate" by "the reasonable number of hours required by the case." Stanczyk v. City of New York, 752 F.3d 273, 284 (2d Cir. 2014) (citations omitted). The reasonable hourly rate is the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). And "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." Restivo v. Hessemann, 846 F.3d 547, 590 (2d Cir. 2017) (citations omitted).

When calculating reasonable attorneys' fees, the district court should exclude hours that are "excessive, redundant, or otherwise unnecessary." Luessenhop v. Clinton County, 324 F. App'x 125, 126-27 (2d Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). And, as the Supreme Court has explained, in certain circumstances, awarding fees for unsuccessful claims may be excessive. Hensley, 461 U.S. at 436. This occurs when the relief obtained is "limited in comparison to the scope of the litigation as a whole." Id. at 439-40. In such cases, "the district court

6

should award only that amount of fees that is reasonable in relation to the results obtained." Id. at 440.

When, on the other hand, "a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Id. Rather, when "unsuccessful claims are 'inextricably intertwined' and 'involve a common core of facts or [are] based on related legal theories,' it is not an abuse of discretion for the court to award the entire fee." Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 (2d Cir. 1996) (quoting Dominic v. Consol. Edison Co. of N.Y., Inc., 822 F.2d 1249, 1259 (2d Cir.1987)).

### III. ANALYSIS

As a threshold matter, and contrary to TD Bank's assertions, the reasonableness inquiry outlined above applies whether the entitlement to fees stems from statute, as in DeGaetano, 1998 U.S. Dist. LEXIS 10634, or contract, as here, see, e.g., Union Cent. Life Ins. Co. v. Berger, No. 10 Civ. 8408, 2013 WL 6571079, at *3 (S.D.N.Y. Dec. 13, 2013), aff'd, Union Cent. Life Ins. Co. v. Berger, 612 F. App'x 47 (2d Cir. 2015).

Turning to the reasonableness of the hourly rates, the Court finds that the attorney rates on which TD Bank relies are reasonable. The parties do not dispute the rates and

7

indeed, hourly rates similar to and even greater than these -- $250 for an associate, $410 for a partner, and $509 for the firm's chairman -- have been found reasonable in comparable contexts. E.g., Integrated Mktg. & Promotional Sols. v. JEC Nutrition LLC, No. 06 Civ. 5640, 2007 WL 840304, at *2 (S.D.N.Y. Mar. 19, 2007) (finding $255 hourly rate for associate at McCarter & English reasonable); Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC, No. 13 Civ. 2493, 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014)("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour.").

However, the Court finds that a paralegal rate of $210 per hour is high compared to the prevailing rates in this district. E.g., Axelrod v. Klein, No. 16 Civ. 7183, 2016 WL 6330433, at *2 (S.D.N.Y. Oct. 28, 2016) (explaining that for a paralegal "$210 per hour is a high rate"). Because TD Bank has not supported this unusually high rate with relevant background regarding the paralegal's experience or qualifications, the Court reduces the paralegal rate to $150 per hour. See Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, No. 10 Civ. 05256, 2012 WL 5816878, at *7 (S.D.N.Y. Nov. 14, 2012) (reducing paralegal rate to $100 per hour, explaining court was "reluctant to

award even a $200-per-hour rate without any information on the qualifications of the individuals in question"); see also 28th Highline Assocs., LLC v. Roache, No. 18 Civ. 1468, 2019 WL 10632851, at *4 (S.D.N.Y. July 29, 2019) ("Courts in this district typically award paralegal rates in the range of $75 to $150 per hour.").

Regarding the hours expended on this litigation, as detailed above, Miller argues that the award should exclude fees incurred litigating the fraudulent conveyance claim in Count Two because TD Bank moved for and was granted summary judgment only on its claim for a declaratory judgment in Count One. The Court is unpersuaded by this argument. First, TD Bank was not "unsuccessful" on Count Two, it simply did not move for summary judgment on that count. Thus, no determination of the merits of the fraudulent conveyance claim has been made.

Moreover, even if TD Bank had been "unsuccessful" on Count Two, the entire fee award is justified by the fact that both counts were "substantially intertwined." See Dominic, 822 F.2d at 1259-60 (affirming a fee award for both a successful retaliation claim and an unsuccessful discrimination claim because the "basic issues at trial were substantially intertwined"). Both Counts One and Two relied on "a common core of facts" and were based on "related legal

theories" concerning the Guaranty between Miller's late husband and TD Bank, and, specifically, whether Miller still owed TD Bank under its terms. See Reed, 95 F.3d at 1183. The fraudulent conveyance claim asserted that the transfers of Miller's husband's assets upon his death were fraudulent because TD Bank was entitled to some of those assets. The declaratory judgment claim asserted that the transferred assets were reachable by creditors, including TD Bank. Broadly speaking, both claims stemmed from TD Bank's efforts to establish its continued entitlement to the debt Miller's husband owed after he died. Defendant argues that the two claims were distinct because, unlike the declaratory judgment claim, the fraudulent conveyance claim did not seek to enforce the Guaranty. But the transfers could only be fraudulent if in fact TD Bank was contractually entitled to the transferred assets under the Guaranty. In other words, TD Bank's success on Count One depended on the same facts necessary for success on Count Two. See Dominic, 822 F.2d at 1260 (finding issues were "substantially intertwined" when recovery on the successful claim was only possible if the unsuccessful claim "had a reasonable foundation").

Likewise, the Court does not find that Count Two was "excessive, redundant, or otherwise unnecessary." See Hensley, 461 U.S. at 434. While TD Bank has obtained

significant relief after having litigated the declaratory judgment claim alone, this does not mean the fraudulent conveyance claim was "excessive" or "unnecessary." TD Bank explains that it did not seek summary judgment on Count Two in an effort to submit succinct papers, not because the claim was redundant. And, as the Supreme Court explained in Hensley, "a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Hensley, 461 U.S. at 440.

Lastly, the text of the Guaranty provides that TD Bank shall be entitled to "any and all expenses" incurred collecting any debts, "including, without limitation, reasonable attorneys' fees, irrespective of the manner or success of any such collection." (Guaranty ¶ 2(d).) By these terms, Miller's late husband agreed to pay the fees incurred in collecting any debts under the Guaranty, whether or not such efforts were ultimately successful. Defendant's argument that the award should exclude fees and costs incurred in litigating unsuccessful claims would render the phrase "irrespective of the manner or success" meaningless. The terms of the Guaranty therefore further support awarding fees and costs incurred in the litigation of both counts, and the

Court declines to reduce the award to reflect Plaintiff's lack of success on Count Two.

## IV.   ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED**, that the Clerk of Court is directed to enter judgment in favor of plaintiff TD Bank, N.A. for an award of fees and costs in the amount of **$91,887.79**. The award comprises $3,436.49 in costs, and $88,451.30 in reasonable attorney's fees, calculated by multiplying the reasonable billing rate of each attorney and support staff by the total hours they expended on the litigation (associate rate of $250 per hour multiplied by 303.4 hours;[1] partner rate of $410 per hour multiplied by 3.6 hours; chairman rate of $509 per hour multiplied by 16.7 hours; and paralegal rate of $150 per hour multiplied by 17.5 hours).

**SO ORDERED.**

Dated: New York, New York
       23 November 2020

_____
Victor Marrero
U.S.D.J.

---

[1] The Court notes that the Fee Certification appears to have miscalculated the total fees incurred by the associate on the matter as $79,352. By this Court's calculation her fees amount to $75,850 ($250 per hour multiplied by 303.4 hours).