USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/12/2022

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
TD BANK, N.A.,                          :
                                        :
                        Plaintiff,      :     18 Civ. 10608 (VM)
                                        :
        - against -                     :     ORDER
                                        :
BARBARA MILLER,                         :
                                        :
                        Defendant.      :
----------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Following the Second Circuit's Summary Order partially remanding the case (Dkt. No. 57), Defendant Barbara Miller ("Miller") requested a stay of the judgment pending the Court's decision on remand. (See "Remand Letter," Dkt. No. 59.) Plaintiff TD Bank, N.A. ("TD Bank") opposed the stay because Miller failed to post bond as required under Federal Rule of Civil Procedure 62(b) ("Rule 62(b)") (See "Opposition," Dkt. No. 62.) Miller submitted an additional letter explaining her basis for requesting a stay. (See "Stay Letter," Dkt. No. 64.)

Miller argues that the traditional stay factors support the grant of a stay in this case, but that argument fails to account for the fact that this is not a traditional stay case. Rule 62(b) allows a party to obtain a stay of a judgment by "providing bond or other security." Fed. R. Civ. P. 62(b). Miller has not provided bond or other security. Where the judgment debtor has failed to provide bond, the relevant

criteria for granting the stay is different. The Second Circuit has stated that a district court may waive the bond requirement after considering five non-exclusive factors: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." In re Nassau Cnty. Strip Search Cases, 783 F.3d 414, 417–18 (2d Cir. 2015).

Miller relies entirely on the fifth factor in arguing that a stay without bond should be granted. (See Stay Letter at 2.) However, courts in this District have repeatedly rejected waiver requests on the basis of the fifth Nassau County factor alone. See Petersen-Dean, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, No. 19 Civ. 11299, 2020 WL 1989493, at *3-4 (S.D.N.Y. Apr. 24, 2020) (collecting cases). Miller claims she "cannot post bond without imperiling the rights of her legitimate creditors," (Stay Letter at 2), but that is a "weak reed on which to premise an argument that the bond requirement

should be waived -- especially where, as here, the movant wants it waived entirely and unconditionally." Moore v. Navillus Tile, Inc., Nos. 14 Civ. 8326, 15 Civ. 8441, 2017 WL 4326537, at *3 (S.D.N.Y. Sept. 28, 2017). The primary purposes of Rule 62(d) are to guarantee recovery for the party that ultimately prevails and to "protect the judgment debtor from the risk of losing the money if the decision is reversed." In re Nassau Cnty., 783 F.3d at 418. The fifth factor, however, is instead aimed at protecting the judgment debtor's *other* creditors, and thus, it carries the least persuasive weight in determining whether to grant a stay without bond. Without a showing that any of the other factors are satisfied, the Court cannot grant the request for stay without bond. Defendant's motion for a stay without bond is DENIED. It is hereby

**ORDERED** that

The motion of defendant Barbara Miller for a stay of the judgment (Dkt. No. 59) is DENIED; and it is further ordered that

The parties are directed to submit any motions to supplement the record within seven (7) days of the date of this order. The Court will then decide the issues on remand on the basis of the parties' letters (Dkt. Nos. 59, 60) submitted following the Second Circuit's remand order. See Kapitalforeningen Lægernes Invest v. United Techs. Corp., 779 F.

App'x 69, 70 (2d Cir. 2019) (Mem.) (affirming district court ruling deeming exchange of letters as motion).

**SO ORDERED.**

Dated:   New York, New York
         April 12, 2022

_____
Victor Marrero
U.S.D.J.